UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LINDA VANDEUSEN AND ADVOCATES
FOR DISABLED AMERICANS,

             Plaintiffs,

      v.

MABEL REALTY OF BORDENTOWN,
LLC, d/b/a Denny's of
Bordentown

             Defendant.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 12-0330
        (JEI/AMD)

**OPINION**

**APPEARANCES:**

ANTHONY J. BRADY, JR.
By: Anthony J. Brady, Jr., Esq.
1 Rose Avenue
PO Box 129
Maple Shade, NJ 08052
      Counsel for Plaintiffs

DEASEY, MAHONEY, VALENTINI & NORTH LTD
By: Carla P. Maresca, Esq.
Athena Olympia Pappas, Esq.
1601 Market Street, Suite 3400
Philadelphia, PA 19103
      Counsel for Defendant

**IRENAS**, Senior District Judge:

      This is a disability discrimination suit that comes before

the Court on Defendant's Motion to Dismiss (Dkt. No. 6).[1]

---

      [1] As discussed below, Plaintiffs raise a claim under the
Americans with Disabilities Act and the New Jersey Law Against
Discrimination.  This Court has jurisdiction over Plaintiffs'
federal claim pursuant to 28 U.S.C. § 1331 and exercises its
supplemental jurisdiction over their related state law claim
pursuant to 28 U.S.C. § 1367.

Defendant puts forward two reasons for dismissal: Plaintiffs lack standing to pursue their claims in federal court and fail to adequately state a claim upon which relief can be granted.[2]  For the reasons that follow, the motion is granted in part and denied in part.

I.

The following facts are alleged in the Complaint.[3]  Linda Vandeusen suffers from dystonia and consequently utilizes a wheelchair and service dog.  On May 22, 2011, she dined at a Denny's restaurant located at 221 Route 130, Bordentown, NJ.  Her enjoyment was greatly impaired because of the restaurant's incommodious layout for wheelchair-bound patrons: the parking lot

---

[2] Although Defendant has not specifically attacked Plaintiff Advocates For Disabled Americans' standing, this Court has an independent obligation to evaluate the standing of each plaintiff.  *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-231 (1990)("The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines.")(citations omitted).

[3] Some of the facts alleged are contained in the Certification of Plaintiff Linda Vandeusen, which was submitted along with Plaintiffs' Brief in Opposition.  Pl. Br. in Opp. at 1.  Because the Certification is consistent with the facts plead in the Complaint, this Court exercises its discretion to consider them without converting the motion to dismiss into a motion for summary judgment.  *See Deborah Heart and Lung Center v. PENN Presbyterian Medical Center, et al.*, 2011 U.S. Dist. LEXIS 149664 *3 (D.N.J. 2011); *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)("A trial judge has the discretion to consider evidence outside the complaint in ruling on motions to dismiss.").

2

had a dangerous slope; there was no proper access into the building; and the restroom was unusable because of the heavy door and unattainable positioning of the tissue paper.

Plaintiff Vandeusen intends to return "when the restaurant is fixed." Pl. Br. in Opp. at 2. Although she lives in South Carolina, Vandeusen is originally from Pennsylvania and regularly visits New Jersey, where she participates in the activities of Plaintiff Advocates For Disabled Americans ("ADFA"), located in Pennsauken, New Jersey.

Plaintiffs originally brought suit in Superior Court of New Jersey, Camden County, claiming violations under the Americans with Disabilities Act and New Jersey Law Against Discrimination. Defendant removed to this Court pursuant to 28 U.S.C. § 1446(a), and now moves to dismiss.

## II.

For Plaintiffs' Complaint to withstand the instant motion, it must satisfy two legal burdens. First, it must show that Plaintiffs have standing to pursue the claims alleged. *See*, *e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Second, it must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Standing is in essence the question of "whether the litigant is entitled to have the court decide the merits of the

3

dispute..." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Defendant's motion, as it pertains to Plaintiffs' standing, presents two questions for the Court: whether Plaintiff AFDA can proceed under either of the claims alleged, and whether Plaintiff Vandeusen has standing to pursue the injunctive relief she demands.  As detailed below, the Court finds that AFDA lacks standing while Vandeusen can pursue the injunctive relief sought.

Additionally, Plaintiffs' claims must withstand Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides that a defendant may move to dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive such a motion, a complaint must allege facts that raise a plaintiff's right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  A court must accept as true all of the complaint's allegations and view them in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  The factual matter contained therein must show that the accompanying legal accusations are not only possible but plausible. *Phillips*, 515 F.3d at 234.

### III.

The Court first addresses AFDA's standing and subsequently the Complaint's factual plausibility.

## A.

Federal courts entertain suits by organizations in two possible instances: as an injured plaintiff alleging that the organization itself was harmed, and as a representative of its individual class members.[4]  *Pennsylvania Prison Soc. v. Cortes*, 508 F.3d 156, 162-63 (3d Cir. 2007) (citations omitted).  In the instant case, AFDA cannot avail itself of either theory of standing.

First, Plaintiffs' Complaint, as well as the Certification of AFDA's attorney, Mr. Brady, is devoid of any allegation whatsoever that AFDA has suffered any injury at the hands of Defendant.  Consequently, AFDA does not have standing to sue in its own capacity as an injured plaintiff.[5]

Second, with Ms. Vandeusen serving as a named plaintiff, AFDA cannot sue in a representative capacity either.  An organization can pursue a claim as a representative when (1) its

---

[4] "[A] mere interest in a problem, no matter how longstanding the interest and no matter how qualified the organization is in evaluating the problem, is not sufficient by itself." *Sierra Club v. Morton*, 405 U.S. 727, 739 (1972).

[5] AFDA is further precluded from suing under the Complaint's Title III ADA claim because Title III does not confer a right of action to organizations to sue. *Clark et al. v. Burger King Corp.*, 255 F. Supp. 2d 334, 344 (2003)(holding that because a necessary showing for a victorious Title III plaintiff is that she was discriminated against on the basis of her disability, and recognizing that organizations are not disabled individuals, an organization cannot pursue Title III claims in its own capacity).

members would otherwise have standing to sue in their own right;
(2) the interests the suit seeks to protect are germane to the
organization's purpose; and (3) neither the claim asserted nor
the relief requested requires the participation in the lawsuit of
each of the individual members in the lawsuit." *Hunt v.*
*Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343
(1977).  Because the claim asserted in the Complaint requires the
participation of Ms. Vandeusen, which Ms. Vandeusen has already
begun to provide, *see* Certification of Plaintiff Vandeusen, AFDA
cannot sue in a representative capacity.

   Consequently, AFDA does not have standing under either
theory and is thus dismissed as a party.


                                 **B.**

   The Court next addresses Plaintiff Vandeusen's standing.
The Complaint puts forward a claim of disability discrimination
under Title III of the ADA, under which only injunctive relief is
available.  42 U.S.C. § 12188; *see also Clark et al.*, 255 F.
Supp. 2d at 342, Fn. 8.  To pursue such relief, plaintiffs must
demonstrate a "real and immediate threat" of injury.[6]  *City of*
*Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).  Courts look to
four factors to determine whether the threat of injury is real

_____

   [6] The Third Circuit has specifically found this requirement
applicable in the context of Title III of the ADA.  *Doe v. Nat'l*
*Bd. Of Med. Exam'r*, 199 F.3d 146, 153 (3d Cir. 1999).

                                  6

and immediate: (1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel. *Brown v. Showboat Atl. City Propco, LLC*, 2010 U.S. Dist. LEXIS 133106 at 8. The "totality of these four factors helps the court determine whether a plaintiff established a concrete and particularized threat of injury that is capable of repetition." *Id.* at 9. The totality of the four factors, in the instant case, dictates standing.

Although Plaintiff resides in Columbia, South Carolina, far from Defendant's restaurant, the other three factors strongly weigh in favor of Plaintiff's standing. Plaintiff Vandeusen has shown past patronage of the restaurant, as evidenced in her Certification,[7] as well as demonstrated frequent nearby travel. Vandeusen is originally from Pennsylvania and travels often in South Jersey, staying in Bordentown, Burlington, Maple Shade and Mount Laurel. Pl. Br. in Opp. at 2. She is active with AFDA's

---

[7] There is support within this district that one visit is sufficient to constitute past patronage "because a plaintiff should not have to 'participate in a futile gesture [of revisiting a defendant's establishment] if she has actual knowledge of a defendant's failure to comply with ADA provisions.'" Brown, at 10, *quoting* Access 4 All, Inc. v. 539 Absecon Blvd., L.L.C., 2006 U.S. Dist. LEXIS 45499 at *4. Plaintiff Vandeusen has specifically alleged that she looks forward to returning to Denny's once the restaurant is fixed. Pl.'s Br. Opp. at 2.

activities in Pennsauken and has specifically assisted a disabled individual in Eastampton. *Id.* Her most recent trip, scheduled for February of 2012, was postponed because of her obligations to her disabled roommate in South Carolina.[8]

In total, Plaintiff Vandeusen has standing to pursue her claims for injunctive relief.

## c.

Having already held that Plaintiff AFDA lacks standing to sue in the instant case, the Court next determines whether the Complaint sufficiently alleges, on behalf of Plaintiff Vandeusen, both a violation of Title III of the ADA as well as New Jersey LAD. The Court finds that it does.

42 U.S.C. § 12182(a), Title III of the ADA, holds that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns ... or operates a place of public accommodation." To withstand a

---

[8] The Court agrees with Defendant that Plaintiff Vandeusen's certification includes some "impertinent and irrelevant accusations," Def.'s Reply at 2, and that Plaintiffs' counsel's "personal opinions hold no place within a professional legal filling." *Id.* Nonetheless, Plaintiff Vandeusen's certification, at the very least, demonstrates to the Court that she currently spends a great deal of time in the area, has a history of frequenting the area, and has taken definitive steps to continue to visit.

motion to dismiss a claim brought under this provision, a plaintiff must allege that (1) she was discriminated against on the basis of her disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by any person who owns or operates a place of public accommodation. *La. Counseling & Family Servs. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 365 (2008).

The Complaint and the Vandeusen Certification set forth sufficient factual matter to plausibly claim that Vandeusen was discriminated against on the basis of her disability and will again face such discrimination: the parking area was at a dangerous slope; the entrance of the restaurant was not easily accessible for those patrons in wheelchairs; and the restroom, available to non-disabled guests, was unusable. The Complaint further alleges that the discrimination took place at a public accommodation, *see* 42 U.S.C. § 12181(7)(B)(including "restaurant" as a public accommodation), operated by Defendant. Consequently, the Complaint sufficiently alleges a claim for relief under Title III.

Because of the similar requirements of the two causes of action, Plaintiff Vandeusen also adequately alleges a claim for relief under New Jersey's LAD. LAD was enacted to ensure that "all persons shall have the opportunity to obtain all the

accommodations, advantages, facilities, and privileges of any place of public accommodation ... without discrimination because of ... disability... This opportunity is recognized as and declared to be a civil right." N.J.S.A. 10:5-4; *see also Nini v. Mercer County Cmty. College*, 202 N.J. 98, 106 (N.J. 2010). To state a claim on which relief can be granted, a plaintiff must show that "(1) defendant operates a place of public accommodation; (2) the plaintiff is a member of a protected class; and (3) he or she was denied equal treatment on the basis of his or her membership in a protected class." N.J.S.A. § 10:5-12(f); *see also Dasrath v. Continental Airlines, Inc.*, 2006 U.S. Dist. LEXIS 9707 at 7 (D.N.J. Feb. 16, 2006).

Plaintiffs' Complaint sufficiently alleges all three elements. First, the Complaint describes Defendant Mabel Realty of Bordentown, LLC as "the owner/manager" of the restaurant wherein the discrimination is alleged to have taken place. Compl. ¶ 3. Second, Plaintiff Vandeusen sufficiently claims membership in a protected class through her statements that she is disabled and uses a wheelchair. Compl. ¶ 1. *See Victor v. State*, 203 N.J. 383, 399-400 (2010)(describing the expansion of NJ LAD protection to include physically handicapped individuals). And third, the Complaint describes that Vandeusen was denied, and will likely be denied again in the future, the ability to obtain all of the benefits of the public accommodation because of her

disabled status.

As shown by the foregoing, the Complaint sufficiently alleges claims under Title III of the ADA and New Jersey's LAD.


**IV.**

For the reasons stated above, the Motion to Dismiss will be granted-in-part and denied-in-part.  The Court issues an accompanying Order.

Dated: May \_\_11\_\_\_, 2012

_____
JOSEPH E. IRENAS, S.U.S.D.J.